Scott Keith Wilson, Federal Public Defender (#7347)
Nathan K. Phelps, Assistant Federal Public Defender (#14752)
OFFICE OF THE FEDERAL PUBLIC DEFENDER – DISTRICT OF UTAH
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
nathan_phelps@fd.org
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILBER CASTELLANOS HERNANDEZ,<br><br>Defendant. | **Mr. Espinoza's Sentencing Arguments**<br><br>Case No. 2:24-cr-00036<br><br>Judge David B. Barlow |

Wilber Castellanos Hernandez, through counsel, asks the court to impose the agreed upon sentence—30 months. While this is a substantial difference from the range suggested by the Sentencing Guidelines, the unusual facts of this case justify the difference.

On February 5, 2024, Mr. Hernandez was acting weird. By his own admission, he was under the influence of some drug, likely bath salts. Because of the drug, Mr. Hernandez's memory of events is hazy at best.[1] However, video recordings and witness statements confirm the essential details. A video security system for the Riverwood Cove apartment complex, located in the Rose Park neighborhood, shows Mr. Hernandez trying to

---

[1] For instance, he believes that the drug was forced upon him, but in circumstances that don't quite make sense. After he was arrested but still under the influence of the drug, he described to police finding a jar of diamonds. Of course, none of this matters except to explain his behavior.

open the rear-side door of a minivan before heading into one of the apartments. A few minutes later, the same system shows him trying the door of the van again, then the door of a pickup truck. At some point, his efforts attract the attention of the apartment's building manager and others. They started chasing him, the manager armed with a 2x2 board.

As he fled, Mr. Hernandez saw a mail truck a short distance down the street and jumped in. As explained in the PSR, this surprised the mail carrier. The mail carrier tried to grab the keys so that Mr. Hernandez couldn't leave with the mail truck, but stopped when he saw that Mr. Hernandez had a knife in his hand. The mail carrier stepped out the way, and the mob that chased Mr. Hernandez resumed their assault on him.[2] Eventually, Mr. Hernandez figured out how to drive the mail truck and left. Still high on some drug, he fled the area and went on to cause other trouble.[3]

Mr. Hernandez is guilty of the carjacking offense, but this simply wasn't a conventional carjacking. He did take the mail truck for personal gain. By all appearances, he was just trying to flee an attack. Of course, his actions were not privileged—there is no justification or necessity defense, especially given what followed. But that separates this case from those run-of-the-mill carjackings.

In light of these unique circumstances, the stipulated sentence is appropriate. It provides a significant sentence. There will be no unwarranted disparity between his punishment and that imposed in other carjacking cases because the facts here are just so

---

[2] There is a 16-second video that captures part of this attack that will be displayed to the court at sentencing.

[3] Mr. Hernandez faces prosecution for those separate offenses in Second District Court (Farmington) under case # 241700314. However, the conduct in that case is relevant conduct that has been accounted for in this case. *See* PSR ¶ 22.

different. And Mr. Hernandez, a citizen of Mexico, will return home when his sentence ends and he is deported.

For these reasons, Mr. Hernandez asks the court to impose the bargained-for sentence.

DATED June 27, 2025.

<u>/s/ Nathan K. Phelps</u><br>
NATHAN K. PHELPS<br>
Assistant Federal Public Defender